NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| | : |
| RICHARD SANZO, | : Hon. Faith S. Hochberg |
| | : |
| Plaintiff, | : Civil No. 04-1364 (FSH) |
| v. | : |
| | : **OPINION & ORDER** |
| NEXTEL COMMUNICATIONS, INC., and FRANK | : |
| ZUZZI, | : Date: November 28, 2005 |
| | : |
| Defendants. | : |
| | : |

**HOCHBERG, District Judge:**

This matter having come before the Court upon the Motions in Limine brought by

Plaintiff and Defendants; and this Court having considered the written submissions of the parties

pursuant to Fed. R. Civ. P. 78;  and for good cause shown, it is hereby **ORDERED** as follows:

**I.      In Limine Motions.**

A.   The testimony of Mr. Schuldner shall be admitted for the limited purpose of testifying

about whether (1) Plaintiff and other Senior Account Executives were told to wait for an e-mail

before they posted their applications for the Major Account Executive ("MAE") positions; and (2)

whether Senior Nextel Management pre-selected the individuals who were going to be promoted to

MAE.  In the interests of expediency at trial, Defendants' Counsel is hereby directed to draft an

appropriate limiting instruction, to confer with Plaintiff's Counsel on the terms of such instruction,

and to provide the Court with an agreed form of the limiting instruction at least 24 hours before the

scheduled trial date.

B.  Noting no opposition, the Court will accept as a stipulated fact that Plaintiff's work

performance in his job was satisfactory.  The Court will read this stipulation to the jury.  Because

Defendants argue that Plaintiff "lacked the skills essential for the [MAE] position," Plaintiff will be

permitted to introduce the testimony of Mr. Tsakonas on this issue.  The testimony of Plaintiff's

former co-workers, Kevin Dansky, George Demos, Robert Lane and Frederick Perucki regarding

Plaintiff's work performance is both cumulative and of limited relevance, and will not be admitted.

C.  The testimony of Mr. Tsakonas regarding workplace discussions that taking medical

leave was "the kiss of death" shall be admitted for the limited purpose of establishing that

Plaintiff's belief that he was constructively discharged was reasonable.  Defendants' Counsel is

hereby directed to draft an appropriate limiting instruction pursuant to the method set forth in A.

above.  The testimony of Plaintiff's former co-workers Salvatore Grasso, George Demos and

Frederick Perucki regarding workplace discussions that taking medical leave was "the kiss of

death" is cumulative and will not be admitted.

D.  Mr. Taskonas' testimony regarding his own allegations of discrimination are

inadmissible under Fed. R. Evid. 404(b) under the four-part test set forth by the Third Circuit in

*United States v. Sampson*,  980 F.2d 883 (3d Cir. 1992).  In *United States v. Sampson*, the Third

Circuit held that the admission of such evidence is governed by a four-prong test:

> (1) the evidence must have a proper purpose under Rule 404(b);
> (2) it must be relevant under Rule 402;
> (3) its probative value must outweigh its prejudicial effect under Rule 403; and
> (4) the court must charge the jury to consider the evidence only for the limited purpose
> for which it is admitted.

980 F.2d 883, 886 (3d Cir. 1992); *See also J&R Ice Cream Corp. v. California Smoothie Licensing Corp.*, 31 F.3d 1259, 1268 (3d Cir. 1994); *Becker v. Arco Chemical Co.*, 207 F.3d 176, 189 (3d Cir. 2000).  In the present case, although Mr. Tsakonas' testimony is arguably relevant as circumstantial evidence, Plaintiff's brief has failed to demonstrate how such evidence would be admissible for a proper purpose under Fed. R. Evid. 404(b).

However, if Defendants' Counsel "opens the door" by cross-examining Mr. Tsakonas about his lawsuit against Nextel to show bias, the Court will allow Plaintiff's Counsel to <u>briefly</u> question Mr. Tsakonas on redirect about the basis for his lawsuit.  Plaintiff's Counsel is hereby directed to draft an appropriate limiting instruction for such an eventuality, pursuant to the method set forth in A. above.

E.  Plaintiff's former co-worker George Demos shall be permitted to testify regarding (1) the selection process for the MAE position; and (2) whether the Sales Team Leader position in the restructured General Business Division was a "demotion."  Plaintiff's former co-workers Kevin Dinky and Richard Lane lack personal knowledge under F.R.E. 602 and 701 to testify regarding their opinions about the MAE and the Sales Team Leader positions, and are cumulative.

F.  Both parties shall be advised that the Court will not permit either side to make any statement or comment during trial regarding the residency of Plaintiff or Defendants' Counsel.

G.  The question of whether Plaintiff complied with his duty to mitigate after October 2004 is a question of weight, not admissibility.  Accordingly, Plaintiff shall be permitted to introduce testimony or evidence to support his claim for back and front pay damages.

H.  Defendants seek to introduce the testimony of Mr. Donohue "as to the process he went through in pulling the advertisements and for the purposes of authenticating them." However, printed materials "purporting to be newspapers and periodicals" are self-authenticating under Fed. R. Evid. 902(6).  *See, e.g., Woolsey v. National Transp. Safety Bd.*, 993 F.2d 516, 520 (5th Cir. 1993) (holding that magazine articles, self-promotional statements such as a press-kit, and advertisements appearing in a magazine are self-authenticating under Fed. R. Evid. 902). Accordingly, the testimony of John Donohue is unnecessary for the sole purpose for which it is proffered.

I.  Mr. Silva shall be permitted to testify regarding (1) the job duties of the MAE position; (2) his compensation as Senior Account Executive prior to the reorganization of the General Business Division; and (3) his compensation as Sales Team Leader after the reorganization.  Mr. Silva lacks sufficient personal knowledge under Fed. R. Evid. 602 to testify regarding the salary structure of the MAE position; his interaction with Plaintiff lacks relevance, and is cumulative of other witnesses' testimony.

J.  Finally, the Court notes that Defendants' list of other proposed witnesses is highly cumulative.  In the interests of expediency at trial, to avoid unnecessary time and expense, and in order to preserve judicial resources, Defendants' Counsel is hereby directed that (1) only one witness (either Mr. Sanzo, Mr. Zuzzi, Mr. Hearn, or Mr. Reynolds) may testify regarding "Plaintiff's employment with Nextel, including but not limited to Plaintiff's work history, FMLA leave, employment background, skills, abilities, experiences."  Job performance, having been stipulated, shall not be the subject of testimony; (2) whichever witness (of Mr. Sanzo, Mr. Zuzzi, Mr. Hearn, or Mr. Reynolds) is selected to testify pursuant to subpart (1) shall also be the witness

who shall testify regarding "Nextel's policies and procedures;" (3) the subject matter of the

proposed testimony of Mr. Hearn, Mr. Reynolds, Mr. Clark, Mr. Demos, Mr. Cherico, and Mr.

Pisano regarding "the reorganization of the General Business Division in the New York market

in or about July/August 2003" is cumulative.  Only one witness of this group shall be permitted

to testify on this topic, provided that Counsel makes a proffer that such witness' testimony will

not repeat Mr. Silva's testimony.

## II.    Daubert Motions.[1]

A.  The Court finds that Ms. Dansky is properly qualified to testify as an expert under

Fed. E. Evid. 702.  *See Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000) (holding that the

policy of liberal admissibility of expert testimony extends to the substantive as well as formal

qualifications of experts).  However, Ms. Dansky shall only be permitted to testify regarding her

statements in subsection 1 ("The State of the Market"), subsection 2 ("Mr. Sanzo's Job

Experience"), and subsection 4 ("Mr. Sanzo was unemployed") of her report.  Statements as to

whether "Mr. Sanzo exercised reasonable diligence in seeking new positions" fail to meet the

helpfulness requirement of Fed. E. Evid. 702.  Finally, the Court finds that the probative value of

Ms. Dansky's statements in subsection 3 of the expert report ("Mr. Sanzo's age") is substantially

outweighed by the danger of unfair prejudice and confusion, and is therefore excluded under Fed.

R. Evid. 403.  Defense Counsel may introduce the expert report of Mr. Sullivan and Mr. Santucci

if Ms. Dansky testifies.

---

[1] The Court considers Plaintiff's *Daubert* Motion despite the fact that it was filed more
than a month after it should have been filed pursuant to the schedule set at the September 21, 2005
Settlement/Status Conference.  Plaintiff's Counsel shall strictly adhere to future deadlines, or run
the risk that the Court refuses to consider his submissions as untimely.

B.  The question of whether Plaintiff complied with his duty to mitigate damages and adequately researched comparable employment opportunities goes to weight, not admissibility. Therefore, Dr. Thornton will be permitted to testify.

## III.    Trial Time.

The Court has advised both Plaintiff's and Defendants' Counsel from the very beginning that the present case is a fairly straightforward/two-issue case.  Yet, this case appears to be blown out of proportion by both sides.  The Court will be prescribing an allotment of time for each counsel to use at trial.  Having reviewed the list of proposed witnesses and the overlapping areas of examination, and omitting the witnesses that are cumulative, the Court considers eight hours of trial time for each side to be more than ample for both Counsels to present their case to the jury.  "Trial time" shall be expended by opening statements, direct examination, cross examination, rebuttal, if any, and closing arguments, but will not be reduced by time expended in selecting and charging the jury, and conferences with the Court outside the presence of the jury.

/s/ Faith S. Hochberg

**Hon. Faith S. Hochberg, U.S.D.J.**